Will Wheeler v. The State.

No. 291.     Decided January 26, 1910.

Rehearing denied February 16, 1910.

**Murder—Charge of Court—Manslaughter—Acts of Deceased—Adequate Cause.**

Upon trial for murder, where there was no evidence of any assault by deceased upon defendant, there was no error in the court's charge of manslaughter in failing to charge the substance of subdivision 2, article 702, Penal Code, with reference to a serious conflict and great injury inflicted by the deceased, etc.; said charge on manslaughter being in all respects a proper application of the law to the facts.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. Robert B. Seay.

Appeal from a conviction of murder in the second degree; penalty, eighteen years imprisonment in the penitentiary.

The opinion states the case.

*Horace Williams,* for appellant.—On question of the court's charge on manslaughter: Lawrence v. State, 10 Texas Crim. App., 495.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—This is the second appeal in this case. The opinion on the first appeal will be found in 54 Texas Crim. Rep., 47, where the facts are stated in some detail. The evidence on the trial from which this appeal results, for the State, was substantially the same as that appearing in the opinion on the former appeal, except that it was shown that deceased had been cut in many places, both in front and behind, reaching from his jaw to his knees, and was indeed the victim of a bloody butchery. On this trial appellant did not testify in his own behalf. The second trial, which was had on the 20th day of January, 1909, resulted in a conviction of murder in the second degree, in which appellant's punishment was assessed at confinement in the penitentiary for a period of eighteen years.

The principal question raised in the appeal, and the only one necessary to notice, relates to the supposed inaccuracy and omission of the court in his instruction on the law of manslaughter. On this question the court thus instructed the jury: "The next lower grade of culpable homicide than murder in the second degree is manslaughter. Manslaughter is voluntary homicide, committed under the immediate influence of sudden passion arising from an adequate cause, but neither justified nor excused by law. By the expression 'under the immediate influence of sudden passion' is meant:

"1. The provocation must arise at the time of the commission of the offense, and that the passion is not the result of former provocation.

"2. The act must be directly caused by the passion arising out of the provocation. It is not enough that the mind is merely agitated by the passion arising from some other person than the party killed.

"3. The passion intended is either of the emotions of the mind known as anger, rage, sudden resentment or terror, rendering it incapable of cool reflection.

"4. By the expression 'adequate cause' is meant such as would commonly produce a degree of anger, rage, resentment or terror in a person of ordinary temper sufficient to render the mind incapable of cool reflection. The following are deemed adequate causes: An assault and battery of any character of violence to the person of another, which produces pain or bloodshed. In order to reduce a voluntary homicide to the grade of manslaughter, it is necessary not only that adequate cause existed to produce the state of mind referred to, that is, of anger, rage, sudden resentment or terror, sufficient to render it

incapable of cool reflection, but also that such state of mind did actually exist at the time of the commission of the offense. Although the law provides that the provocation causing the sudden passion must arise at the time of the killing, it is your duty in determining the adequacy of the provocation (if any), to consider in connection therewith, all the facts and circumstances in evidence in the case, and if you find that by reason thereof the defendant's mind at the time of the killing was incapable of cool reflection, and that said facts and circumstances were sufficient to produce such state of mind, in a person of ordinary temper, then the proof as to the sufficiency of the provocation satisfies the requirements of the law, and so in this case you will consider all the facts and circumstances in evidence in determining the condition of the defendant's mind at the time of the alleged killing, and the adequacy of the cause (if any) producing such condition. If you believe from the evidence beyond a reasonable doubt that the defendant, with a deadly weapon, to wit: a knife, in a sudden passion aroused by adequate cause, as the same is herein explained, did cut and stab with a knife and thereby killed George Reed, the deceased, as charged in the indictment, on the 8th day of August, 1907, you will find the defendant guilty of manslaughter, and assess his punishment at confinement in the State penitentiary for any term of years not less than two nor more than five years.

"You are instructed that if the deceased with a knife or other sharp weapon did about the time or just prior to the killing (if defendant killed him) cut the defendant on the hand or elsewhere, or make any other assault or battery on the defendant producing pain or bloodshed, this would be adequate cause." The particular complaint of the charge of the court is that he did not charge the jury the substance of subdivision 2 of article 702 of the Penal Code. This subdivision is in this language: "A serious personal conflict, in which great injury is inflicted by the person killed, by means of weapons, or other instruments of violence, or by means of great superiority of personal strength, although the person guilty of the homicide were the aggressor; provided, such aggression was not made with intent to bring on a conflict and for the purpose of killing." That it is proper and essential to give this subdivision of the law in charge in a proper case is supported by many authorities. Lawrence v. State, 10 Texas Crim. App., 495; Ellison v. State, 12 Texas Crim. App., 557, and Williams v. State, 15 Texas Crim. App., 617. It is equally true, however, that the court is not only not required to so instruct the jury, but it would not be proper so to do, unless there was evidence in the record pertinently raising such issue. In the case here there is not the slightest evidence of any assault by deceased upon appellant from any source. When discovered the parties were fighting, appellant with a knife, deceased unarmed, the appellant pursuing deceased, who was helpless at his hands and practically unresisting. The evidence does show that when arrested appellant had a cut in his hand, a flesh wound,

but in no sense serious. When this was committed, how committed, or by whom is a matter of conjecture. The court in terms instructed the jury that if deceased cut the defendant or made any other assault upon him producing pain or bloodshed, this would be adequate cause. We think the charge of the court on this subject is a most admirable presentation of the law and appellant is without just cause of complaint.

This presents the only issue briefed by counsel for appellant, and is in fact the only one which seems to require any attention.

Finding no error in the proceedings of the court below, the judgment of conviction is in all things affirmed.

*Affirmed.*

McCord, Judge, not sitting.

[Rehearing denied February 16, 1910.—Reporter.]